HUNT vs. EDWARDS, use of HUNTER.

APPEAL from *Baltimore* County Court. *Assumpsit* on a promissory note by the holder against the endorsor. The general issue was pleaded.

1. The plaintiff, (now appellee,) at the trial gave in evidence a promissory note, with endorsements thereon, as follows:

"$412 50. *Baltimore*, 20th October, 1810.

Sixty days after date I promise to pay Mr. *Joshua Hunt*, or order, four hundred and twelve dollars and fifty cents, value received,

*Tho. Bailey*."

Thus endorsed: "Pay *John Cretin*, or order. *Joshua Hunt*." "Pay *John Edwards*, or order. *John Cretin*." And also proved the hand-writing and endorsement of the defendant, (the appellant,) on said note, and that he had regular notice of the nonpayment thereof by the drawer. The defendant then proved, that before the making of the note; that is to say, on the 21st of August 1810, *Bailey*,

*Margin notes:*

1817.
Hunt
vs
Edwards

JUNE.

Where a promissory note was drawn by B, payable to H, and by him endorsed to C, who endorsed it to E—Held, in an action on it by E against H, that the hand-writing of C should be proved.

Where there was usury in the creation of a promissory note, can a *bona fide* holder maintain an action on it against the payee?

The drawer of a promissory note is a competent witness in an action on it by the holder against the payee, to prove that the note was given on a usurious consideration.

1817.

Hunt
vs
Edwards

for a valuable consideration, had made his promissory note payable to the defendant, sixty days after date thereof, for the sum of $412 50, and delivered the said note to the defendant; that the defendant having occasion for money, on the 1st of September next following the date thereof, endorsed the said note in blank, and got the same discounted by a certain *Thomas L. Roe*, to whom he paid a usurious consideration for so doing; that *Roe*, being indebted to a certain *John Hunter*, delivered the said note, so endorsed by the defendant, to *Hunter*, as a counter-security for repayment of the money which he owed *Hunter*, and that *Roe* requested *Hunter* to put said note into bank for collection when due. The defendant further gave evidence, that *Hunter* did put the said note into bank for collection, in the name of *John Cretin*, whose name he was authorised to use; that *Bailey*, the drawer thereof, not being able to take it up at maturity, another note was drawn by *Bailey*, and endorsed by the defendant, as a renewal of the former, and delivered to *Hunter* in lieu thereof, who accepted the same, and that the note, on which the present suit is brought, is the note which was given as a renewal of that first mentioned, and was then and now is the property of *Hunter*, for whose use the present action is brought. The plaintiff further gave in evidence, that *Hunter* was the *bona fide* holder of the said two notes, without notice of the usurious transaction between *Roe* and the defendant. The defendant then moved the court to direct the jury, that on the foregoing statement of facts, if believed by the jury, the plaintiff is not entitled to recover in the present action. But the Court, [*Bland*, A. J.] refused to give such direction as prayed, and was of opinion, that on the said facts, as stated, the plaintiff was entitled to recover. The defendant excepted.

2. The defendant then offered to prove by *Bailey*, the drawer of said notes, that he paid to *Hunter*, for discount of said renewed note, (the same on which the present suit is brought,) the sum of 22 dollars, as a consideration for giving further time for payment of said sum of money, as expressed in said note. To which said evidence, so offered to be given by *Bailey*, the plaintiff objected. And the court was of opinion, and so decided, that *Bailey* was an incompetent witness to prove the said facts, which he was offered to prove by the defendant, and rejected his testimony. The defendant excepted; and the verdict and judgment being against him he appealed to this court.

The cause was argued before CHASE, Ch. J. and BUCHANAN, JOHNSON, MARTIN, and DORSEY, J.

*Hoffman*, for the Appellant. The defence set up is usury, not only in the *endorsement* of the first note, but in the creation, or *original concoction* of the second, the one sued on. The case is therefore presented upon two points:

1. If *Hunter* can be considered a *bona fide* holder of the note, unaffected by notice of usury, can he maintain an action against *Hunt?* 2. Is *Thomas Bailey* a competent witness to prove the usurious renewal of the note, and the payment by him of the usurious consideration to *Hunter?*

On the *first* point he cited *Low vs Waller, Dougl.* 736. *Young vs. White, Campb.* 141. *Rich vs. Topping, Peake.* 229. *Wilkie vs Rooswelt,* 3 *Johns. Cas.* 66. *Jackson vs Henry,* 10 *Johns. Rep.* 185. *Haley vs. Lane,* 2 *Atk.* 182. *Foltze vs. May,* 1 *Bay's Rep.* 486.

On the *second* point he cited *Jordaine vs. Lashbroke.* 7 *T. R.* 601. *Adams vs. Lingard, Peake's Cas.* 117. *Rich vs. Topping,* 1 *Esp. Rep.* 117, (and *note* 1 by *Day.)* *Swift's Evid.* 95.

No counsel argued for the appellee.

CHASE, Ch. J. delivered the opinion of the Court. In this case the court are of opinion, that the court below erred by refusing to give the direction stated in the *first* bill of exceptions, there being no evidence to prove the handwriting of *John Cretin,* one of the endorsers. The court do not decide on any other points of law arising on the facts stated in that bill of exceptions.

The court are also of opinion, that the court below erred in refusing to permit *Thomas Bailey* to prove the facts stated in the *second* bill of exceptions, as he had no interest in the event of the suit.

JUDGMENT REVERSED, AND PROCEDENDO AWARDED.